UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MACARTHUR GUILE, II,

Plaintiff,

v.

UNKNOWN GOULET, et al.,

Defendants.
_________________________________/

Case No. 1:24-cv-1252

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving a physical altercation between Plaintiff and Defendant Unknown Goulet while Plaintiff was incarcerated at Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan.[1] Only Plaintiff's First Amendment religious exercise and retaliation claims, his Eighth Amendment excessive force claim, and his Fourteenth Amendment equal protection claim against Goulet remain in the case (ECF No. 5 at PageID.80). Defendant filed a Motion for Summary Judgment, arguing that he is entitled to judgment as a matter of law because Plaintiff cannot establish any of the essential elements of any of his claims (Mot. Summ. J. (MSJ), ECF No. 18 at PageID.109). Plaintiff also filed a Motion for a Temporary Restraining Order (TRO) (ECF No. 27). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that the Court deny Plaintiff's Motion for a TRO, grant Goulet's Motion for Summary Judgment, and dismiss the case (Report & Recommendation (R&R) ECF No. 32). The matter is presently before the

[1] The Court has dismissed all claims against all other Defendants besides Goulet (ECF No. 6).

Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*First*, Plaintiff argues that "Plaintiff's response to Defendant's Motion to [sic] Summary Judgment is based, not on a Verified Complaint, but on the Verified Response. This was never addressed by Defendants and set forth valid grounds to suppress Defendants Summary Judgment Motion" (Pl.'s Obj., ECF No. 33 at PageID.352). But the Magistrate Judge correctly based his decision not on Plaintiff's Complaint, but instead on "[Plaintiff's] statements in his response" (R&R, ECF No. 32 at PageID.333). Plaintiff does not identify anywhere in the Report and Recommendation where the Magistrate Judge relied on the Complaint rather than Plaintiff's response to the Motion for Summary Judgment (Pl.'s Objs., ECF No. 33 at PageID.352). This objection is therefore denied.

*Second*, Plaintiff asserts that "[t]he objective component [of his Eighth Amendment claim] was satisfied. Guile's injuries from the interaction with CO Goulet was [sic] sufficiently serious" (*id.* at PageID.353). But the Magistrate Judge did not recommend otherwise, stating that "in the opinion of the undersigned, there remains a genuine issue of material fact as to the objective component of Plaintiff's excessive force claim" (R&R, ECF No. 32 at PageID.336). Hence, Plaintiff's objection is denied.

*Third*, Plaintiff believes the Magistrate Judge erred by characterizing Goulet's actions as an attempt "to maintain or restore discipline" (Pl.'s Objs., ECF No. 33 at PageID.353, referencing R&R, ECF No. 32 at PageID.336 (citing *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004)). In Plaintiff's view, "Defendant[] failed to show how allowing Plaintiff to use the bathroom

would disrupt the order of the facility" (Pl.'s Objs., ECF No. 33 at PageID.353). Plaintiff further argues that the video evidence documenting the incident supports his position that Goulet "physically grabbed" Plaintiff "to demean [him]," that Goulet released Plaintiff "after [he] realized he had assaulted Plaintiff," and that "[w]hen Plaintiff reported the incident to Sgt. Crawford, Plaintiff was assaulted again, this time by Sgt. Crawford and [Goulet]" (*id.*).

The Magistrate Judge properly reviewed the video evidence to evaluate Plaintiff's story about his altercation with Goulet (R&R, ECF No. 32 at PageID.337 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). That video, moreover, supports the Magistrate Judge's finding that Goulet subjected Plaintiff to a "routine security measure" in a prison—a pat-down search (*id.* at PageID.338; Br. Supp. MSJ Ex. C-1 at 00:10–3:02). Additionally, the Magistrate Judge was not wrong that Goulet applied force only after Plaintiff attempted to walk away from Goulet (Br. Supp. MSJ Ex. C-1 at 3:02–3:21). The video therefore shows—and no reasonable jury could conclude otherwise—that Goulet responded to Plaintiff's resistance; he did not act to prevent Plaintiff from using the restroom and to demean Plaintiff. Plaintiff's objection is denied.

*Fourth*, Plaintiff challenges the Magistrate Judge's analysis of his First Amendment retaliation claim (Pl.'s Objs., ECF No. 33 at PageID.354). The Magistrate Judge determined that Plaintiff did not engage in protected conduct during the altercation with Goulet because Plaintiff's shirt was not tucked in, as Plaintiff normally keeps it consistent with his religious beliefs as a member of the Nation of Islam (R&R, ECF No. 32 at PageID.342). Plaintiff asserts that "[b]eing a member of the Nation of Islam in a prison setting is 'Protected Conduct' regardless of any lack in decorum at the time of the pat search" (Pl.'s Objs., ECF No. 33 at PageID.354).

Plaintiff's objection has merit, although Plaintiff's First Amendment claim fails for independent reasons identified in the Report and Recommendation. Plaintiff's religious practices

as a member of the Nation of Islam—specifically, tucking in his shirt and maintaining cleanliness—are protected conduct even if Plaintiff's shirt was untucked when he encountered Goulet. *See Mease v. Wonnacott*, No. 2:20-cv-176, 2023 WL 11896857, at *6 n.11 (W.D. Mich. Oct. 23, 2023) (collecting cases). Nonetheless, the Magistrate Judge also observed—correctly—that

> (1) at the time of the initial pat-down Guile did not have his shirt neatly tucked in the manner he claims identifies him as a member of the Nation of Islam; (2) CO Goulet did not use increased force until Guile resisted; and (3) CO Goulet performed a pat-down of another member of the Nation of Islam walking with Guile and no additional force was used because the other inmate complied (R&R, ECF No. 32 at PageID.339).

For these reasons, Plaintiff cannot genuinely dispute that Goulet's conduct "was [not] motivated . . . by [Plaintiff's] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). Instead, no reasonable jury could conclude that Goulet acted for any other reason than Plaintiff's resistance to the pat-down search. Plaintiff's objection is therefore denied.

*Fifth*, "Plaintiff asserts that [Goulet] intended to write a misconduct to retaliate against him for engaging in protected conduct (membership with the [Nation of Islam])" (Pl.'s Objs., ECF No. 33 at PageID.355). Although Plaintiff's religious practice as a member of the Nation of Islam is protected conduct, Plaintiff presents no evidence that Goulet wrote a misconduct against Plaintiff for his religious conduct. This objection is denied.

*Sixth*, Plaintiff argues that the Magistrate Judge incorrectly recommended dismissal of his Free Exercise claim "based solely on verbal harassment" because Goulet's "physical attack . . . hindered Plaintiff from feeling free to exercise his religious beliefs without attacks" (Pl.'s Objs., ECF No. 33 at PageID.355). However, the Magistrate Judge did not err in reporting that verbal harassment alone is insufficient to state a free exercise claim (R&R, ECF No. 32 at PageID.346). And to the extent Plaintiff rests his Free Exercise Claim on the physical altercation with Goulet,

the Magistrate Judge correctly observed that "the record does not support [Plaintiff's] contentions that CO Goulet used excessive force against [Plaintiff] or that Goulet chose to pat down [Plaintiff] in retaliation for his religious beliefs" (*id.*). Plaintiff's objection is therefore denied.

*Seventh*, Plaintiff claims that "[o]ther prisoners similarly situated to Plaintiff were allowed to use the bathroom in a dignified manner, but Plaintiff was forced to pee on himself. This made Plaintiff a 'class-of-one'" (Pl.'s Objs., ECF No. 355 at PageID.355). As the Magistrate Judge noted, "[t]he record shows that CO Goulet used force to gain [Plaintiff's] compliance with a routine pat-down search and the subsequent misconduct report was in response to [Plaintiff's] resistance" (R&R, ECF No. 32 at PageID.348). Defendant consequently had a "rational basis" for using force—Plaintiff's resistance to a pat-down search—which meets the standard for Plaintiff's class-of-one Equal Protection claim. *See Heller v. Doe by Doe*, 509 U.S. 312, 319–20 (1993) (explaining that where no fundamental right or suspect classification is involved, the government need only have a rational basis for its action). Plaintiff's objection is denied.

*Eighth*, Plaintiff challenges the Magistrate Judge's recommendation that the Court give Goulet qualified immunity (Pl.'s Objs., ECF No. 33 at PageID.355–356). Because the Magistrate Judge did not err in recommending that the Court dismiss all Plaintiff's claims against Goulet, the Magistrate Judge correctly observed that Goulet is entitled to qualified immunity (R&R, ECF No. 32 at PageID.350). This objection is denied.

*Finally*, Plaintiff moved for a TRO after individuals from the Michigan Attorney General allegedly harassed Plaintiff (TRO, ECF No. 27 at PageID.285–287). Plaintiff believes that "[t]hese types of incidents will not occur if Plaintiff has counsel" (*id.* at PageID.287). Plaintiff's Motion for a TRO also explains why Plaintiff thinks he should have counsel appointed (*id.* at PageID.288).

The Court has already denied Plaintiff's motion to have counsel appointed for him (ECF No. 26). And Plaintiff has not demonstrated any basis on which the Court may grant him the extraordinary relief of a TRO. *See Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) (citation omitted) (outlining the requirements for a TRO, including a strong likelihood of success on the merits, irreparable harm, no harm to others, and the public interest in favor of granting the TRO). Hence, the Court denies Plaintiff's request for a TRO.

All Plaintiff's objections to the Report and Recommendation are denied, as it is Plaintiff's Motion for a TRO. Accordingly, except to the extent modified in this Opinion, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 33) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 32) is APPROVED and ADOPTED as the Opinion of the Court as modified herein.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 18) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for a TRO (ECF No. 27) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: August 31, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge